(68 App. Div. 107.)

### CRAWFORD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—PERSONAL INJURIES—SNOW AND ICE—REMOVAL—TIME—NEGLIGENCE.

   In an action for injuries sustained on December 1st by a fall on an icy sidewalk, defendant showed that there were in the city at the time of the accident 27,266,043 square yards of sidewalk; that the first snow in November was on the 24th, when 3 inches fell; that on the 26th 5 inches fell, on the 27th 5 inches fell, and on the 29th and 30th 6 inches fell; that there was no snow on December 1st; that the storm on the 30th ceased at 9 a. m.; that the temperature ranged from 41° to 25°; that snow and ice would melt at 40°, and freeze at 32°. There was evidence that the city was requiring landowners adjacent to the premises in front of which plaintiff was injured to remove the snow from their walks, and had made inquiries as to the ownership of the premises in question. *Held*, that there was no evidence of negligence on the part of defendant.

2. SAME—EVIDENCE—AMOUNT OF SIDEWALK.

   The evidence as to the number of miles of sidewalk in the city was competent on the question of defendant's negligence as relating to the time within which the city must remove the snow.

3. SAME—HARMLESS ERROR.

   In an action against a city for injuries sustained by a fall on an icy sidewalk, the fact that the plaintiff was not permitted to prove that the snow was removed from the sidewalks in front of other premises was not harmful, as such evidence would tend to show that the city was doing its duty, rather than show negligence on its part.

4. SAME—FORMER NEGLIGENCE.

   It was not error to exclude evidence that in former years the city had been negligent in allowing the sidewalks in front of the premises where plaintiff was injured to become encumbered by snow and ice.

   Laughlin and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by Mary L. Crawford against the city of New York. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, LAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Lyman A. Spalding, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J. The plaintiff slipped and fell upon the sidewalk on the north side of 104th street, west of Columbus avenue, and was injured, and this action is to recover from the defendant the damages thereby sustained. The complaint alleges that on or about the 1st day of December, 1898, and for upwards of a week prior thereto, as well as thereafter, the defendant carelessly and negligently permitted and allowed the sidewalk or pavement in front of the vacant lots between Nos. 109 and 119 on the north side of said 104th street, and at and about 160 feet west of the northwesterly intersection of said 104th street and Columbus avenue, to become, be, and remain in an unlawful, slippery, unsafe, and dangerous condition, covered with ice and snow, whereof the defendant had notice actual and constructive. Upon the trial the plaintiff testified that it began to snow on Friday, the day after Thanksgiving, and continued during the following day, upon which day several inches of snow fell; that on the following Thursday, December 1st, she started to walk to Columbus avenue, on 104th street; that when she got on the sidewalk in front of these vacant lots she fell and broke her wrist; that the whole sidewalk in front of these vacant lots was covered with snow and ice, extending all the way from the curb to the fence in front of these lots; and that the street in front of these lots was at that time impassable, from the snow. She further testified that the vacant lots were surrounded by a high fence; that in the center of the sidewalk there was a single row of flagstones, the outer and inner edge of the sidewalk being dirt; that she walked close to the fence when she fell; that the flagstones were all covered with snow; that it snowed on the day before she fell, and the snow was there packed down; that it was not snowing on December 1st; that the snow that fell on Friday and Saturday had not been cleaned from this sidewalk at the time of the accident, and it remained augmented by the snow that fell on the subsequent days; that the surface of the sidewalk was icy and rough; that there was much traffic upon this street, and a great many people passed; that the witness had passed over the sidewalk between the previous Saturday and the day of the accident, and that there was the same condition of ice during all that period from the preceding Saturday until the time she fell; that on Monday it got very cold, and as soon as it got cold it became icy and bad to walk on. Another witness testified that from the time the snow fell on Saturday, prior to the accident, it lay continuously on the sidewalk; that "it freezed over when it snowed, and it was rough on top, and the sidewalk was broken there. * * * It is an uneven sidewalk, and inclined towards 121. It comes down on a point." On behalf of the defendant it was proved that on the 25th of February, 1898, there were in the city of New York, including the boroughs of Manhattan and the Bronx, 1,158 linear miles of sidewalk and 27,266,043 square yards of

sidewalk; that the first snow in the month of November, 1898, fell on the 24th, when 3 inches fell; that the next fall was on Saturday, the 26th, when 5 inches fell; that on the following day (Sunday, the 27th) 5 inches fell, and on the 29th and 30th 6 inches fell; that there was no snow on the 1st of December; the snowstorm of the 30th ceased at 9 a. m. on that day; that on the 24th of November the temperature ranged between 41° and 32°, on the 25th from 34° to 26°, on the 26th from 34° to 25°, on the 27th from 28° to 25°, on the 28th from 37° to 27°, on the 29th from 41° to 30°, on the 30th from 39° to 28°, and on the 1st of December from 37° to 31°; that snow and ice will melt at 40°, and freeze at 32°. Upon this evidence the case was submitted to the jury, who found a verdict for the defendant, and from that verdict the plaintiff appeals.

The plaintiff complains of several errors of the charge of the court, and of its refusal to charge as requested by the plaintiff. The first question presented, however, is whether, upon this evidence, a verdict for the plaintiff could have been sustained. If a finding that the defendant was negligent could not be sustained, then it would not be necessary to examine the questions presented by the exceptions to the charge. The general rule applicable to claims against municipal corporations for negligence occasioned by the slipping on ice and snow has of late years been much discussed, and the general principle upon which a recovery can be sustained is now quite clearly settled. While it is recognized that there is imposed upon municipal corporations the duty to keep the streets and avenues of a city in a reasonably safe condition for the use of pedestrians and vehicles, and that for the negligent performance of such a duty the municipal corporation is liable, yet it is also well settled that that duty does not impose upon such corporations the performance of impossibilities; that it would be clearly impossible during a winter in this climate to keep the sidewalks of the city clear of snow and ice, or to immediately remove the snow from all the sidewalks of the city. The snow, when falling, is packed down by pedestrians using the sidewalks, and when, in freezing weather, the packed snow is turned to ice, its removal is attended by considerable difficulty; and where the owners of abutting property fail to keep the sidewalks in front of their property clear, and where the only means for clearing away the snow and ice is for the city to do the work, it is not negligence if the city does not immediately proceed to clean the sidewalks. Of course, a case can be easily conceived where the snow and ice are left for such a length of time and in such a condition as to render the use of the sidewalks dangerous, and to make it the duty of the municipal authorities to act; but the city is not obliged to assume that the owners of the abutting property would fail to act, and, the moment a snowstorm ends, clean off the sidewalks that have not been cleaned. Considering the number of miles of sidewalk in the city, this would be clearly impossible. It will be sufficient to call attention to a few late cases in which this question has been discussed:

In O'Keeffe v. Mayor, etc., 29 App. Div. 524, 51 N. Y. Supp. 710, we held that under the cases of Taylor v. City of Yonkers, 105 N. Y. 206, 11 N. E. 642, 59 Am. Rep. 492, Harrington v. City of Buffalo,

121 N. Y. 149, 24 N. E. 186, and Ayres v. Village of Hammondsport, 130 N. Y. 665, 29 N. E. 265, a municipal corporation is not liable because ice and snow form upon a sidewalk, and a person sustains injury therefrom. Something more than that is necessary. What the plaintiff must prove is that the municipal corporation neglected a duty that it owed ·to him, in seeing that this sidewalk was clear and free from ice and snow on the day in question.

In Staley v. City of New York, 37 App. Div. 598, 56 N. Y. Supp. 237, the plaintiff was injured on the 30th day of December, 1894. On the evening of the 26th a fall of snow began, which continued until late that night, when it turned into rain, and ended about noon on the 27th, when it commenced to snow again, and continued until half past 1 that day. On the 27th, after the snowstorm ended, it became quite cold, and froze hard, and continued freezing weather until the 31st. It was held that:        .

"The city was not guilty of negligence in permitting the crossing at Fifty-Sixth street, upon which the plaintiff fell, to be encumbered with snow and ice while the temperature was so low that the coating adhered to the pavement and could not conveniently be removed."

In Hawkins v. City of New York, 54 App. Div. 258, 66 N. Y. Supp. 623, it appeared that the snowstorm began on December 22, 1896, and continued until half past 10 o'clock on the morning of the 23d; that at half past 2 in the afternoon of the 23d it again commenced snowing, and continued until half past 7 in the evening of that day; and that the accident happened to the plaintiff on the 25th. .During the whole interval of the storm to the 25th the thermometer was below freezing point, and it was held that the city was not liable. It was there said that:

"The city may require the occupants of houses abutting on the sidewalk in front of which the snow has fallen to remove it within a reasonable time, and is not guilty of negligence if, observing that the work is being generally done, it waits for a reasonable period the action of the citizens. * * * The case at bar presents the simple feature of a condition of the sidewalk covered with snow which may have been trodden under foot in a populous part of the city, and which was not subjected to a change of temperature rising above the freezing point. Therefore the only question is whether, on the admitted facts, it can be said that in such a municipality as the city of New York, with its thousand miles of streets, it can be held that there is any indication of negligence on the part of the city in failing to remove from in front of any one particular house a formation of frozen snow on the sidewalk within less than forty-eight hours after a snowstorm had ceased. * * * On the conceded facts, when we consider the nature of the duty and liability of the city, and that it is entitled to wait a reason-· able time for abutting owners to .remove the snow from the sidewalks in front of their houses, we conclude that a lapse of less than forty-eight hours is not sufficient, as matter of law, to establish constructive notice to the city authorities of a dangerous condition of a sidewalk resulting from a deposit of fallen and unremoved snow."

Applying this rule, there is no evidence here that would justify a finding that the city was negligent. It appears in this case that the snow fell almost continuously from the 24th day of November to the 30th day of November, 1898. It fell on November 24th, 26th, 27th, 29th, and 30th,—in all, 19 inches of snow; and the plaintiff was injured on the 1st day of December, 1898. During all this

period the temperature rose but little above freezing, and at no time, considering the amount of snow that fell, was it possible for the city to clean the sidewalks where the owners of the abutting property had neglected to perform that duty. As was said in Hawkins v. City of New York, supra:

"The city may require the occupants of houses abutting on the sidewalk in front of which the snow has fallen to remove it within a reasonable time, and is not guilty of negligence, if, observing that the work is being generally done, it waits for a reasonable period the action of the citizens."

There is evidence in the record that the officers of the city attended to this duty. The janitor of the building opposite to the sidewalk on which the accident occurred testified that after the snow had fallen a policeman came through the street and ordered all the janitors to clean their sidewalks and gutters which were not cleaned. He further testified: That he called the attention of the policeman to the lots across the street, and asked, "Why not have some one clean off the lots, as well as us janitors clean the sidewalks and gutters." The policeman then asked the janitor if he knew who owned the lots or had charge of them. That no one was there whom the policeman could tell to remove the snow, and that the owner of the lots was a resident of Washington, D. C. The city was thus, by its officer, endeavoring to have the duty of cleaning these sidewalks performed by the abutting owners, and, under these conditions, it certainly was not negligence on the part of the city to wait a reasonable time to see whether the owners of these vacant lots would clean them, before undertaking to do it; and there is nothing to show that there was any negligence on the part of the city in failing to notify the owner of these vacant lots to perform the duty imposed upon him. Within the rule settled by the authorities cited, we think that the city was not guilty of negligence in failing to remove this snow and ice within 24 hours after the storm ended.

The plaintiff objected to the evidence as to the number of miles of streets in the city of New York, but we think that this was clearly competent on the question of the defendant's negligence. Upon that question it was certainly competent to show the conditions that existed in the city at the time of the accident. It is the negligence in the performance of a duty imposed upon the municipal corporation which must be the basis of the plaintiff's right to recover. The time within which the municipal corporation must perform this particular duty depends largely upon the amount of work that is required; and when the duty extends to many miles of sidewalks, streets, and avenues, the situation requires that a longer time be given to perform that duty than is given to a more limited area. The testimony was relevant as to the time within which the municipal corporation was required to act. This evidence has always been admitted in cases of this kind, and the burden imposed upon a municipality, which included the number of miles of streets it has to care for, has been commented upon in almost all the decisions of the courts bearing upon this subject. The fact that the plaintiff was not permitted to prove that the snow was

removed from the sidewalks in front of other premises than these vacant lots does not seem to be a reversible error, as that fact would not have helped the plaintiff. The evidence would tend to show that the city was doing its duty in making the abutting owners clean the front of their houses, rather than predicate negligence on the part of the city in not itself cleaning the sidewalks in front of these vacant lots. There was no error in excluding the testimony that in former years the city had been negligent in allowing the sidewalks in front of these vacant lots to become encumbered by snow and ice. The city was certainly not responsible in this case from the fact that in former years its agents had been negligent in removing snow and ice in this particular locality.

Upon the whole case, we think that the evidence was not sufficient to justify a finding of negligence against the defendant, and the verdict of the jury should not be disturbed. The judgment and order are therefore affirmed, with costs.

PATTERSON, J., concurs. LAUGHLIN, J., dissents.

VAN BRUNT, P. J. I concur in the result of Mr. Justice IN-GRAHAM'S opinion, but not in the opinion. It is not the established law that a city is bound to remove snow and ice from its streets. It is bound to use reasonable diligence in keeping the streets passable. It is not bound to prevent their becoming slippery. It is under an obligation to keep its streets passable where they are obstructed by a great fall of snow; but, when they are simply rendered slippery and uneven because of the action of the elements, it has no more duty to the passer-by on the sidewalk than to the horses in the street.

HATCH, J. (dissenting). I am of the opinion that the evidence in this case was sufficient to authorize a finding that the defendant was guilty of negligence in failing to remove the snow and ice from the walk, and that such negligence was the proximate cause of the injury which the plaintiff sustained. Such view seems to have been shared by the trial court and the defendant. The latter made no motion for a dismissal of the complaint at the close of the plaintiff's proof, nor for the direction of a verdict in its favor upon the whole case. It has long been the settled rule that the omission to move for a nonsuit or for a verdict amounts to a concession upon the part of the defendant that there is a question of fact for the determination of the jury. This concession is to be regarded as binding upon the defendant, as it cannot thereafter be heard to say that the verdict is without evidence to support it. Steinau v. Scheuer, 15 App. Div. 5, 43 N. Y. Supp. 1112. No basis exists, therefore, in this case, from which it can be said that the evidence did not authorize this recovery.

The court charged the jury that, if the fall of snow on the 29th and 30th of November concurred with the fall of snow on the 26th, no recovery could be had. It assumes that if the actual condition of the walk prior to the 30th of November was such that negli-

gence of the defendant could be predicated thereon, and that such condition was the cause of the accident, no liability would attach if the subsequent snowfall concurred in producing the injury. The question resolves itself into a statement that, if an act in which there was no culpability concurred with an act in which there was, no liability would attach, even though without the latter condition no injury would have resulted. The cases of Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574, and Ehrgott v. Mayor, etc., 96 N. Y. 264, 48 Am. Rep. 622, are opposed to this view, and make the charge erroneous.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide event.