## FOLEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—PERSONAL INJURIES—SNOW AND
ICE—REMOVAL.

A city is not negligent for failure to remove snow and ice from sidewalks immediately after a snowfall, but it has the right to rely for a reasonable time on the presumption that the property owners will perform their duty and remove the snow.

2. SAME.

In an action for personal injuries from a fall on a sidewalk, plaintiff's evidence was that on February 17th there was a snowfall of 10 inches; that the temperature on that and the three succeeding days was below freezing, except at 5 p. m. on the third day; that on the morning of the 21st it began snowing, and so continued until the following morning, with a fall of over 4 inches; that on the 22d and 23d the average temperature was 33°. Plaintiff was injured about 3 o'clock in the afternoon of the 23d. *Held*, that the city was not negligent because it did not remove the snow which fell on the 21st and 22d.

3. SAME—PROXIMATE CAUSE.

If the city was negligent in not removing the snow which fell on the 17th, plaintiff could not recover, because there was no evidence justifying a finding that the snow which fell at that time was a concurring cause of the accident.

O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Ann Foley against the city of New York for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.
S. Stanwood Menken, for respondent.

McLAUGHLIN, J. This is the ordinary action to recover damages for injuries sustained by falling on an icy sidewalk. The plaintiff had a verdict, and defendant appeals.

The plaintiff testified that at the time she fell she was proceeding carefully, and whether or not she was guilty of contributory negligence, upon the evidence at the close of the case, was clearly a question for the jury, but we are unable to find in the record any evidence which justified a finding that the defendant was in any respect negligent. The obligation resting upon a municipal corporation to remove accumulations of snow and ice from its sidewalks is not an absolute, but a qualified, one. It is bound to keep the streets and sidewalks in a reasonably safe condition for public travel, and for the nonperformance of that duty, in case of injury, it is responsible, but it is not bound to perform impossibilities or do unreasonable things. In a great city like New York, with its hundreds of miles of sidewalks —in a climate as changeable as it is there—it is not difficult to see

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1629.

that there are times when it is nearly if not quite impossible for it to keep its sidewalks entirely clear of snow and ice. In certain portions of the city, when a snowstorm occurs, the snow is quickly packed down by persons traveling upon the sidewalks; and, if the temperature is below the freezing point, ice soon forms, and adheres to the walk, which renders the process of removal not only difficult, but many times attended with no little delay. It cannot be said to be negligent, immediately following a fall of snow, because it does not proceed at once to clear the sidewalks of snow and ice, because it is the duty of abutting property owners to do that work, and it has a right to rely for a reasonable time upon the assumption that they will perform the obligation which the law casts upon them. Crawford v. City of New York, 68 App. Div. 107, 74 N. Y. Supp. 261; s. c. affirmed 174 N. Y. 518, 66 N. E. 1106. Thus it was held in Staley v. Mayor, 37 App. Div. 598, 56 N. Y. Supp. 237, that the city was not liable where the plaintiff sustained an injury by falling on an icy sidewalk on the 30th of December, 1894. There it appeared that snow commenced to fall on the evening of the 26th, and continued until late that night, when it turned into rain, which continued until noon the following day, when it commenced to snow again, and continued until half past 1 of that day. Then it became quite cold, and froze hard, which continued until the 31st. This case was followed by Hawkins v. Mayor, 54 App. Div. 258, 66 N. Y. Supp. 623, where it appeared that snow commenced to fall on the 22d of December, 1896, and continued substantially until late in the afternoon of the 23d. Plaintiff was injured on the 25th, and it was there held that the city was not liable. In the recent case of Crawford v. City, supra, we held the city was not liable. There snow fell continuously from the 24th to the 30th of November, 1898. Plaintiff was injured on the 1st of December following. During the storm the temperature was but little above the freezing point.

Applying the rule laid down in these cases, and many others which might be cited, to the facts in this case, it will at once become apparent that the evidence did not justify a finding that the defendant was negligent, and for that reason the complaint should have been dismissed at the close of plaintiff's case, or the verdict of the jury set aside. The facts are not disputed. The plaintiff herself testified that there was snow on the street at the time; that she could not tell how deep it was; that some parts of it were "pretty high" and by "pretty high" she meant 6 or 8 inches. Her witness Draper testified that he had official charge of the weather bureau at Central Park, and was familiar with the condition of the weather from the 16th to the 23d of February, 1902; that on the 17th of February there was a very severe snowstorm, in which 10 inches of snow fell; that the temperature during that and the two succeeding days was below the freezing point; that on the 20th, at 5 p. m., it was 2° above, but all the rest of the day it was below; that on the 21st, after 6 p. m., it was above, and all the rest of the day below; that it snowed from 7 a. m. on the 21st to 6 a. m. on the 22d, during which time over 4 inches of snow fell; that on the 22d the average temperature was 33.6°, the highest being 41° and the lowest 26°; that on the 23d

the average temperature was 33.6°, the highest being 41° and the lowest 27°. Plaintiff was injured about 3 o'clock in the afternoon of the 23d, and after the last storm had ceased only one day, and a portion of another had intervened, and during a portion of that time the temperature was below the freezing point. Under such circumstances, the city cannot be said to have been negligent because it did not remove the snow which fell on the 21st and 22d, because it not only had a right to rely for a reasonable time upon the fact that the abutting property owners would do the work (Hawkins v. Mayor, supra), but also to wait a reasonable time for the temperature to moderate (Taylor v. City of Yonkers, 105 N. Y. 206, 11 N. E. 642, 59 Am. Rep. 492).

But it is suggested that the city was negligent because it did not remove the snow which fell on the 17th, and that the jury could predicate a liability upon that fact. To this suggestion it seems to me there are two answers: First, upon the conceded facts, I do not think it can be said, considering the amount of snow which fell, and the condition of the temperature immediately following, that the city was negligent because it did not remove all of the snow before the plaintiff was injured. The storm was a severe one, and during the 17th, 18th, and 19th the temperature was below the freezing point, and it was also below the freezing point all of the 20th and 21st, except at short intervals on each of those days. On the 21st there was another storm, which continued until the morning of the 22d. There was therefore only the 22d, and until 3 o'clock of the afternoon of the 23d, when the defendant could have cleared the sidewalk of all the snow and ice upon it; and, under the authorities cited, it cannot be said to have been negligent because it did not do this work within that time. But if it be assumed that the defendant was negligent because it did not remove the snow which fell during the storm of the 17th, it does not aid the plaintiff, because there is no evidence in the record which justifies a finding that the snow which fell and the ice which formed at this time were concurring causes of the accident, and, unless she could establish that fact, she was not entitled to recover, under the principle laid down in Taylor v. City of Yonkers, supra. There, adjoining a sidewalk on one of the defendant's streets, was a bank of earth. For two years preceding the accident the action of rain and frost had thrown upon the walk sand, gravel, and stones from the bank, until the flagging was entirely covered; the deposit sloping from about one inch to the foot from the outer edge of the walk to the curb. Snow and ice accumulated upon this slope, and it was claimed that the defendant was negligent because it had allowed the sand, gravel, and stones to remain on the walk, and, if it had not done so, the plaintiff would not have been injured. The court, in reversing a judgment in favor of the plaintiff, in disposing of this contention, said:

"Now, the jury were plainly charged that the new ice recently formed furnished no ground of negligence on the part of the city, and it necessarily followed that the jury found the slope of the walk to have been a concurrent cause, without which the accident would not have happened. The only remaining inquiry is whether there were any facts which permitted that infer-

ence, or whether there were none, and the conclusion was mere guess and speculation. The fact proved was that the plaintiff slipped on the new ice lying on a slope. The inference, it is claimed, is natural and logical, and sustained by common observation and experience, that both of the conditions entered into the accident as proximate causes. But no one can say that, if the new ice had spread over a level, the plaintiff would not have fallen, and there is nothing in the case pointing to the slope as a concurrent cause, beyond the bare fact that it existed, and so nothing to redeem the inference sought from the domain of mere guess and speculation."

Here the plaintiff slipped and fell on the snow and ice which accumulated upon the walk during the storm which occurred on the 21st and 22d, and, as to this, as we have already said, the defendant cannot be said to have been negligent because it did not remove it. Whether the snow which fell on the 17th, if it be assumed that the defendant was liable because it had not removed that, contributed to her fall, the jury could not by any possibility tell. To permit them to attempt to do so was to permit them to speculate and guess, and a verdict based upon any such conclusion cannot stand.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event.

PATTERSON and INGRAHAM, JJ., concur. LAUGHLIN, J., concurs in result.

O'BRIEN, J. (dissenting). A question of fact was fairly presented —as to whether the plaintiff fell and was injured by reason of ice which had been permitted to remain on the sidewalk for a week, or whether the snowstorm which began on February 21st and ended February 22d, the day before the accident, was the proximate cause of her fall and injury. In the latter case the city would not be liable, under our decisions in Hawkins v. Mayor, 54 App. Div. 258, 66 N. Y. Supp. 623, and Crawford v. City of New York, 68 App. Div. 107, 74 N. Y. Supp. 261, affirmed 174 N. Y. 518, 66 N. E. 1106. Therein it was held that the city is entitled to wait a reasonable time for abutting owners to remove snow and ice from the sidewalk in front of their houses, and that the lapse of less than 48 hours is not sufficient, as matter of law, to establish constructive notice to the municipal authorities of the dangerous condition of a sidewalk, resulting from unremoved snow and ice. Here, however, it was conceded not only that "there was snow and ice on that street for a week previous," but, when the next witness testified that she noticed the condition of the sidewalk, the court interposed, and thus formulated the concession, the defendant making no objection: "The Court: They [the city authorities] have admitted that it was in that condition for a week." and in addition it was testified that there was a heavy snowstorm on February 17th, when 10 inches of snow fell, and that rough, glassy lumps of ice and snow, 4 or 5 inches thick, remained thereafter on the sidewalk, covering it from the entrance to the curb, until the day after the accident, and that although there was a lighter snowstorm, beginning on February 21st, when 3½ inches of snow fell, and ending February 22d, the day prior to the accident, when an inch of snow fell, "the condition of the sidewalk was just about the same after that

storm as it was before." Upon the concession, and the evidence which tended to support it, therefore, the jury would have been justified in drawing the inference that it was the old ice and lumps of frozen snow which had been permitted to remain on the sidewalk for a week that was the cause of the plaintiff's injury. I do not understand that any of the cases have gone to the extent of absolving the city entirely from responsibility for injuries resulting from snow and ice upon a sidewalk, which, because not removed, has been for a week a menace to the public.

It is suggested that, as the temperature was below freezing most of the week, the city was freed from the obligation which otherwise might have rested upon it if the weather had been such as to facilitate removing the ice from the sidewalk. This suggestion, however, does not seem to me entitled to the weight which my associates are inclined to give it, because I understand the real point to be whether the city, by reason of the length of time during which the sidewalk was allowed to remain in a dangerous condition, had actual or constructive notice thereof, and a reasonable opportunity to remove the snow and ice. If the city were bound within a week to remove the danger to the public, then, as the coldness of the weather would not have rendered it either impossible or impracticable to discharge that duty, the low temperature would afford no excuse.

It seems to me that if, upon any state of facts, the city could be held liable for injuries received by a pedestrian as the result of a dangerous accumulation of snow and ice upon a sidewalk, permitted to remain beyond a reasonable time, then, upon the evidence here presented, there was a question for the jury. Upon the ground, therefore, that there was sufficient evidence to go to the jury, and upon which their verdict could rest, I dissent from the conclusion reached by the majority of the court, and think that the judgment should be affirmed.