EISNER, Respondent, v. JOHNSON, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by Lewis Eisner against Charles E. Johnson. No opinion. Judgment and order unanimously affirmed, with costs.

---

ENGELHARDT CONST. CO., Appellant, v. MANN, Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by the Engelhardt Construction Company against Jacob Mann. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

EPSTEIN v. GRANOFF. (Supreme Court, Appellate Division, Second Department. November 29, 1907.) Action by Isidore Epstein against Hyman Granoff. No opinion. Motion denied, with costs.

---

ERB, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. December 20, 1907.) Action by Adele Mary Erb against the city of New York. Judgment for plaintiff; and defendant appeals. Affirmed.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J. (dissenting). I do not concur in the affirmance of this judgment, as I think that the evidence failed to show that the defendant was negligent in failing to prevent the sidewalk upon which the plaintiff fell from becoming slippery. The accident happened on the morning of the 16th of December, 1902, between 9 and 10 o'clock. It appeared that in that year there was a fall of snow on December 5th of about 1½ inches; that on December 7th it rained; on December 11th and 12th it rained with a freezing temperature, so that 1⅛ inches of ice formed upon the streets; that on the 13th the rain continued until 12 p. m., after which 6 inches of snow fell; that on the 15th it commenced raining at 10 o'clock at night, and continued through the 16th; that frost commenced on the 5th of December, and continued until the 15th, when the temperature rose to 43 degrees and rain commenced, which continued through the 16th. During all of the 16th the temperature was considerably above freezing. The plaintiff testified that she passed these premises six times every day and was familiar with the conditions, and that it had been slippery there for some two weeks prior to the accident. The defendant was not responsible for the formation of ice on this sidewalk resulting from the falling of snow and rain and the freezing weather, as it is quite evident that it would be an absolute impossibility for the city during the winter months in this latitude, with the alternation of rain, snow, and frost, to keep the 1,158 miles of sidewalk, with an area of 27,000,-000 square yards, in the city of New York, free from ice, especially in those parts of the city not entirely built up and in front of vacant property of this kind. The snow that fell on the 13th and 14th would account for the fact that in front of this vacant lot there was more or less packed snow upon the sidewalk, which would necessarily make the sidewalk slippery; and with the heavy rain on the night of the 15th and the morning of the 16th, with a temperature considerably above freezing, the result would necessarily be a slippery sidewalk, for which certainly the city was not responsible. Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492; Crawford v. City of New York, 68 App. Div. 107, 74 N. Y. Supp. 261, affirmed 174 N. Y. 518, 66 N. E. 1106; Foley v. City of New York, 95 App. Div. 374, 88 N. Y. Supp. 690. The plaintiff testified that "there was ice and snow which had accumulated on this walk for several days. I should say about two weeks, and then there was a flow of water that went over the lot and went across diagonally across the walk, across the sidewalk, which was flowing very heavily that morning, and I was very cautious to keep down my umbrella and use my umbrella as a cane, and when I came to this spot I fell and my arm went in back of me. * * * The snow and ice that had accumulated on the walk caused me to fall. I could not see it through the water. I could not see whether it was lumpy or whether it was smooth." Thus the plaintiff expressly testified that it was the snow and ice upon the sidewalk for which the city of New York was not responsible that caused her to fall. The fact that there was water on the sidewalk flowing across it from the adjoining lot was not the proximate cause of the accident, and so far as I can see had nothing to do with the plaintiff's slipping. She does not say that she did not see the water running across the sidewalk. She does say that ice and snow was on the sidewalk, and had been for several days prior to the accident, and the presumption is certainly justified that the ice and snow upon which plaintiff fell was caused by the snowstorm two or three days before the accident. It seems to me that the whole case negatives the inference that the water which had been allowed to flow from this vacant lot to the street over the sidewalk had anything to do with the accident, or that any negligence of the city in not preventing this flow of water would impose any liability upon it for this accident. I think, therefore, this judgment should be reversed.

---

ESTABROOK, Respondent, v. SOMMERVILLE, Appellant. (Supreme Court, Appellate Division, First Department. December 6, 1907.) Action by William B. Estabrook against William B. Sommerville. W. H. Baker, for appellant. W. P. Maloney, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs. Order filed.

---

FERDINAND MUNCH BREWERY, Appellant, v. MULLER et al., Respondents. (No. 1.) (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by the Ferdinand Munch Brewery against Grace Muller and another.

PER CURIAM. Judgment and order affirmed as to each defendant, with costs.

HIRSCHBERG, P. J., not voting.