(143 App. Div. 216.)

SCHNEIDER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. MUNICIPAL CORPORATIONS (§ 771*)—SIDEWALKS—OBSTRUCTION—SNOW AND ICE—LIABILITY.

A municipality is liable to persons who, without negligence on their part, are injured through its failure to remove obstructions from a sidewalk, including snow and ice, but need not do what is practically impossible to avoid accidents.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig. § 771.*]

2. MUNICIPAL CORPORATIONS (§ 773*)—SIDEWALKS—OBSTRUCTIONS—SNOW AND ICE—LIABILITY.

The city of New York was not negligent in failing to remove snow and ice from the sidewalk on which a pedestrian was injured, where scarcely 24 hours had elapsed since the obstruction accumulated; the city being entitled to wait a reasonable time for freezing weather to moderate.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1629; Dec. Dig. § 773.*]

Laughlin, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Barbara Schneider against the City of New York. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Harry Crone, for appellant.
Louis Kunen, for respondent.

McLAUGHLIN, J. About 8 o'clock in the morning of the 7th of February, 1908, the plaintiff sustained a personal injury by slipping on the snow and ice on the sidewalk on Park avenue between 165th and 166th streets, in the city of New York. She brought this action to recover the damages sustained on the theory that the city was responsible because it had permitted the snow and ice to accumulate upon the walk. The jury rendered a verdict in her favor for a substantial sum, and from the judgment entered thereon and an order denying a motion for a new trial the city appeals.

There is no doubt, as a general proposition, that a municipal corporation is liable to persons who, without negligence on their part, sustain injury by reason of its not removing obstructions from the sidewalk, including snow and ice; but the liability in this respect is qualified, at least to the extent of not ·requiring such corporations to do what is practically impossible. The defendant cannot prevent snow falling or ice forming. Neither can it, with its hundreds of miles of sidewalk, in this latitude, with the frequent and varying changes of temperature, immediately remove the same. It has a reasonable time within which to do so.

The accident occurred, as indicated, about 8 o'clock in the morning of the 7th of February. For several days immediately preceding snow had fallen and the temperature had been below the freezing point, except a short time on the 6th, when it rained. The plaintiff's witness, Searr, who had charge of the United States Weather Bureau in the city of New York, testified—and his testimony was uncontradicted—that it commenced to storm at 4 minutes past 3 p. m. on the 5th, and continued until 2 minutes after 5 a. m. on the 6th; that the total fall of snow on the 5th was four inches, and on the 6th 1.7 inches; that it also snowed on the 1st of February, when 1.8 inches fell; there was also a slight fall on the 2d and 3d; that the temperature on the 1st ranged between 47 and 21 degrees, on the 2d between 26 and 14 degrees, on the 3d between 27 and 13 degrees, on the 4th between 19 and 4 degrees, on the 5th between 31 and 1 degrees, on the 6th between 38 and 29 degrees, and on the 7th between 29 and 22 degrees. The same witness also testified that there were several snowfalls between the 23d and 30th of January. A report of the New York Meteorological Observatory of the Department of Parks was put in evidence, which showed that the storm on the 5th and 6th lasted 12 hours and 30 minutes, and during that time 8 inches of snow fell. It also appeared that during the rain on the 6th the temperature dropped below the freezing point, and so continued until after the plaintiff was injured.

It is true the plaintiff stated that she slipped upon old ice, but in this she was clearly mistaken, because it is perfectly obvious, inasmuch as the snow that fell on the 5th and 6th and the ice which formed during that time had not been removed, it was upon that that she slipped. Scarcely 24 hours had elapsed since that snow and ice had accumulated upon the walk. To hold that the city is responsible for not removing the same during that time would be, in effect, to require it to do what is physically impossible. The temperature was below the freezing point, and it had a right to wait, certainly a reasonable time, for it to moderate. Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492; Crawford v. City of New York, 68 App. Div. 107, 74 N. Y. Supp. 261, affirmed 174 N. Y. 518, 66 N. E. 1106; Foley v. City of New York, 95 App. Div. 374, 88 N. Y. Supp. 690; Brennan v. City of New York, 130 App. Div. 267, 114 N. Y. Supp. 578, affirmed 197 N. Y. 544, 91 N. E. 1110. Under these authorities and many others that might be cited to the same effect, I am of the opinion that a verdict should have been directed for the defendant.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, SCOTT, and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the recovery herein, which is based on the neglect of the city to remove snow and ice which had formed a dangerous obstruction on the sidewalk on one of the public streets, should be sustained. The plaintiff was aware of the condition of the walk, but she exercised care commensurate with that knowledge. The walk was on the regular line of travel from her residence to the place where she was employed, and it was the route by which she customarily passed back and forth. In these circumstances she was not obliged as a matter of law to refrain from using the sidewalk. The city failed to show that it had enacted an ordinance by which in the first instance it devolved the duty of removing snow and ice from the sidewalks on the abutting property owners, and therefore the rule that the city is not chargeable with negligence in waiting a reasonable time for the abutting property owners to remove snow and ice is not applicable. No duty rests on the owners or occupants of property abutting on public streets to remove snow and ice from the sidewalks in front of the property, in the absence of a statute or ordinance imposing that duty. The jury were warranted in finding, on conflicting evidence, that the sidewalk in question with respect to its condition caused by snow and ice had been totally neglected. There were heavy falls of snow and changes in the temperature which would cause it to melt and freeze. The city was chargeable with notice that in the use of the walk by pedestrians in these circumstances irregular accumulations and formations of ice, or of ice and snow, might take place on the sidewalk which would endanger public travel. The evidence shows that such a condition existed on this sidewalk for upwards of one week or about ten days prior to the time of the accident. That was a sufficient length of time to charge the city with constructive notice of the actual condition of the walk; and during that period, at

different times, the condition of the weather was such that the snow and ice could readily have been removed from the walk. There was a very heavy fall of snow two days before the accident, and, if that were the sole cause of the injuries sustained by the plaintiff, doubtless a recovery could not be had; but it appears by her testimony and by other evidence that she slipped, not on the newly fallen snow, but on old ice, and the facts warranted a finding that the accident was caused not by the recently fallen snow, but by the dangerous formation and accumulation of ice which had existed on the walk for a period of from a week to ten days. In these circumstances, therefore, the city having, so far as this record shows, wholly failed to perform any duty which it owed to the traveling public with respect to keeping this sidewalk free and clear from dangerous obstructions caused by the accumulation or formation of ice, or of ice and snow, or·to require the performance of this duty by others, was properly found guilty of negligence by the jury.