(156 App. Div. 115.)

### ADELSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

MUNICIPAL CORPORATIONS (§ 819\*)—DEFECTS IN STREETS—ACTION—EVIDENCE.

In an action by a pedestrian who fell on the ice on the walk in front of a vacant lot, evidence *held* insufficient to charge the municipality with constructive notice that the snow which had fallen, and the ice which had formed, constituted a dangerous obstruction which had existed sufficiently long to have enabled the municipality, in the exercise of reasonable care, to have removed it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.\*]

Appeal from Trial Term, New York County.

Action by Joseph Adelson against the City of New York. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harry Crone, of New York City (Terence Farley, of New York City, on the brief), for appellant.

Alexander Fox, of New York City, for respondent.

LAUGHLIN, J. Between the hours of 7 and 8 o'clock in the morning on the 18th day of January, 1910, the plaintiff, while lawfully walking northerly on the easterly sidewalk of Fifth avenue between 107th and 108th streets opposite a vacant lot, slipped on ice and snow and fell sustaining injuries for which he has recovered.

The evidence adduced by the plaintiff tends to show that the walk had been neglected and that no snow had been removed therefrom that winter, and one witness testified that he saw ice on the walk about a month prior to the accident, and that "there has always been ice and snow there, all through the winter." A storm which had continued for 33 hours ceased at 9 o'clock in the morning on the 15th day of January, and during the storm .57 of an inch of rain and 10 inches of snow fell. The officer in charge of the United States Weather Bureau testified that the snowfall and condition of the weather had been such prior to the commencement of that storm that, if not affected by artificial causes, there would have been .3 of an inch of snow on the ground; but, of course, he did not attempt to give condi-

---

tion of any walk or street with respect to snow at that time. With this exception there is no evidence as to what extent snow had fallen prior to the accident during that winter.

The evidence shows that the snow which fell during this storm was trampled down by pedestrians, and that considerable ice had formed on the walk, and that it was discolored and presented the appearance of having been there for some time, and that the surface had become somewhat rough and uneven. The maximum and minimum temperature are not shown; but it appears that the mean temperature on the first day of the storm was 24.7 degrees, and that on the 15th it was 22.7 degrees, and on the 16th 24 degrees, and on the 17th 30.2 degrees, and that at 7 and 8 o'clock on the 18th it was 40 degrees, and had been thawing all the morning, and at the time of the accident a drizzling rain was falling. It thawed and rained the day and night before the accident. The evidence shows that the temperature was such that *if* ice had been formed on the walk prior to the storm, which ended three days before the accident, *it might* have remained upon the walk when the storm commenced.

There is no evidence that the city had *actual* notice that the snow had not been removed from the walk, or that ice had formed thereon. An ordinance was introduced in evidence by the defendant showing that the city had imposed the duty, in the first instance, of removing snow from the walks upon the owners of the property abutting thereon; and doubtless it had constructive notice that the ordinance had not been complied with in this instance. The evidence does not show any other accident from the accumulation of ice and snow on this walk or tend to show a dangerous obstruction caused by ice and snow otherwise than as herein stated in substance.

We are of opinion that the evidence was wholly insufficient to charge the city with constructive notice that the snow which fell and accumulated and the ice which formed upon the walk created or constituted an obstruction dangerous to public travel which existed a sufficient length of time prior to the accident to enable it in the exercise of reasonable care to have removed the same, and therefore the plaintiff failed to make a case for the jury, and the motion to dismiss the complaint at the close of the evidence should have been granted. Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186; Owen v. City of New York, 141 App. Div. 218, 126 N. Y. Supp. 38; Winckler v. City of New York, 129 App. Div. 45, 113 N. Y. Supp. 412; Foley v. City of New York, 95 App. Div. 374, 88 N. Y. Supp. 690.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur.