RALLYA v. CITY OF NEW YORK.   (No. 5841.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

MUNICIPAL CORPORATIONS (§ 819*)—SIDEWALKS—DEFECTS—SNOW AND ICE—NEGLIGENCE.

    On the evening of February 9, 1912, plaintiff slipped on ice on a sidewalk and sustained injuries. She testified that there were numerous "clumps" of ice on the walk where she fell, some of which were from two to three inches thick, corrugated on the surface, and one foot in diameter. The police officer by whom she was taken to the hospital, and who afterwards accompanied her on an examination of the walk two hours after the accident, testified that the ice was only in small patches, the largest being about nine inches in diameter extending inward from the curb a distance of five or six feet, and that it was thin as if formed by the freezing of water splashed on the walk. No snow had fallen between January 29th and the time of the accident, except on February 4th, when 1.8 inches fell on the lower part of Manhattan Island and 2.5 inches fell in the Central Park district. From that time until after the accident the temperature remained below freezing, with the exception of a few hours on February 7th when it reached 35 degrees. *Held*, that such evidence was insufficient to show that there was an accumulation of ice and snow constituting an obstruction on the walk dangerous to public travel, or that the city had actual or constructive notice thereof in time to have protected the public from danger.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from Trial Term, New York County.

Action by Sarah Rallya against the City of New York. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Terence Farley, of New York City (Leon N. Futter, of New York City, on the brief), for appellant.

Nathan D. Stern, of New York City (Julius J. Michael, of New York City, on the brief), for respondent.

LAUGHLIN, J. At about 7 o'clock in the evening of the 9th day of February, 1912, the plaintiff, who resided at 306 East 116th street, was walking westerly on the southerly sidewalk of that street, and, when in front of number 202 East 116th street, she suddenly slipped and fell, sustaining injuries to recover damages for which this action was brought. The only charge of negligence made against the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant is in failing to remove snow and ice from the walk; and the only testimony with respect to the condition of the snow and ice was given by the plaintiff and a member of the police force. About two hours after the accident, the officer accompanied the plaintiff from the hospital to the scene of the accident, which was in front of a shoe store where the sidewalk was from 18 to 22 feet in width. The plaintiff says that she fell about the middle of the walk, but the officer says that she pointed to a place about four feet from the curb. She says there were numerous "clumps" of ice on this part of the walk, some of which were from two to three inches thick and corrugated on the surface, and one foot in diameter. She and the officer agree that at all other points the sidewalk was free and clear of snow and ice; and he testified that the only ice on the walk was small patches, the largest of which was about nine inches in diameter, and that extended inward from the curb a distance of only five or six feet, and that it was thin, as if formed by the freezing of water splashed on the walk. She says it was discolored by dust and appeared to be the same color as the walk, and he says that this discoloration was caused by ashes on the surface, but that she denied. The officer in charge of the weather bureau testified from the official records that, with the exception of traces of snow too light to be recorded, no snow fell between the 29th day of January and the time of the accident, excepting on the 4th day of February, when, according to the official records made at the lower part of the Island of Manhattan, 1.8 inches of snow fell, and, according to the records made in Central Park, 2.5 inches fell; and he says that this was wet snow and would form ice if tramped down, and that from the time of this storm, and for some days before, until after the accident, the temperature remained below freezing, with the exception of a few hours on the 7th day of February, when it reached the maximum of 35 degrees.

This is the substance of the material evidence. It utterly fails to meet the burden resting on plaintiff of showing that there was an accumulation of ice and snow on the walk constituting an obstruction dangerous to public travel, of which the city had actual notice, or which had existed for such a length of time that the city had constructive notice thereof in time, in the exercise of reasonable diligence, to take steps to protect the public against the danger. Adelson v. City of New York, 156 App. Div. 115, 141 N. Y. Supp. 96, and cases cited.

The defendant's motion for the dismissal of the complaint should have been granted, and on the exception to the denial thereof the judgment and order should be reversed, with costs to appellant, and the complaint dismissed, with costs. All concur.