ANNA TULLI, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

City Court of New York, Trial Term, Bronx County, November 5, 1936.

*Paulson & Frankel,* for the plaintiff.

*Paul A. Windels, Corporation Counsel,* for the defendant.

SCHACKNO, J. Plaintiff has recovered a verdict for personal injuries by slipping and falling upon ice upon a sidewalk. At the close of the plaintiff's case and again at the close of the entire case, the court reserved its decision upon the motion made by the defendant to dismiss the complaint; it also reserved its decision upon the motion made by defendant to set aside the verdict of the jury. The evidence in the case, giving it the most favorable inference to plaintiff, indicates snow and ice on the sidewalk not over two days old. It was not dirty, indicating a recent fall of snow; there was water on the sidewalk, indicating melting, after falling. The only question in the case is whether two days was a reasonable time for the city to have had notice and opportunity to remove it. There is no evidence that the city removed other ice or snow in the neighborhood and reglected this particular snow or ice or that this particular ice was uneven or formed in ridges, so as to present unusual danger; while I am reluctant to disturb the finding of a jury, I am constrained to do so and to dismiss the complaint on the authority of

*Crawford* v. *City of New York* (68 App. Div. 107; affd., 174 N. Y. 518); *Rallya* v. *City of New York* (162 App. Div. 617); *Kaiser* v. *City of New York* (184 id. 866); *De Boulet* v. *City of New York* (192 id. 359); *Fitzpatrick* v. *City of New York*, (220 id. 320).

The motion to set aside the verdict of the jury in favor of the plaintiff and to dismiss the complaint is granted.   Order filed.