Van Voorhis, J.
(dissenting). The unusual fall of twelve and five-tenths • inches of snow within fifty-six hours of the time of the plaintiff’s accident should not render the defendant liable for the personal injuries which she sustained when she slipped and fell on the sidewalk.
The fact that other portions of the sidewalks in the block had been cleaned is not enough to create a question of fact. They were cleared by the abutting property owners whereas the accident happened in front of a vacant store. The City has a right to wait for a reasonable length óf time for the abutting owner to remove the snow and ice, particularly in front of vacant property (Foley v. City of New York, 95 App. Div. 374; Crawford v. City of New York, 68 App. Div. 107, 113, affd. 174 N. Y. 518). The city was responsible for the condition of the sidewalks not only in this block but for 10,458 miles throughout the city (Crawford v. City of New York, supra). It was too great a distance to require the city to clear within so short an interval of time after an unusual snowfall. The complaint should have been dismissed as matter of law (Kirsch v. City of New York, 289 N. Y. 684; Reutlinger v. City of New York, 281 N. Y. 592; Harrington v. City of Buffalo, 121 N. Y. 147).
Glennon, Dore and Cohn, JJ,, concur in decision; Martin, P. J., dissents and votes to reverse the judgment and dismiss the complaint; Van Voorhis, J., dissents and votes' to reverse the judgment and dismiss the complaint in opinion.
Judgment reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment as entered to the sum of $3,144, in which event the judgment as so modified is affirmed, without costs. No opinion. Settle order on notice.