### O'CONNOR *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Common Pleas of New York City and County, General Term.* February 10, 1890.)

MUNICIPAL CORPORATIONS—SLIPPERY SIDEWALKS—NOTICE.

Failing to remove snow from a sidewalk within 48 hours after it ceased falling does not render a city chargeable with negligence, or with constructive notice that the walk was slippery, and dangerous.

Appeal from trial term.

An action brought by Thomas O'Connor against the city of New York to recover damages sustained by him by reason of injuries received by his wife from falling upon a slippery sidewalk. There was a verdict for plaintiff for $500, and from the judgment rendered thereon defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*William H. Clark,* (*Edward H. Hawke, Jr.,* of counsel,) for appellant. *Louis J. Grant,* for respondent.

LARREMORE, C. J.   The learned trial judge stated in his charge to the jury certain of the conceded facts in this case as follows:   "It appears that Mrs. O'Connor fell on this ice or hard snow on the corner of Carlisle and Greenwich streets.   It appears that for ten or twelve days before the 25th of January there had been no considerable snow-storm.   In fact, as the sergeant of the signal service said, there had been only two small flurries of snow.   Then, on the 25th, there was a snow-fall; and then it changed to rain; and then there was snow and rain, and these followed by sleet; and about half past 2, on the morning of the 26th of January, the storm ceased.   Then the temperature fell very low, from that time forward, down until the time of the accident; and afterwards the temperature was never above the freezing point.   It was always down below, and never above, the freezing point.   Well, the 26th passed, and the 27th came; and on the evening of the 27th, about 7 o'clock, she fell."   The doctrine has been established by a number of recent cases that, while the obligation to keep the sidewalks reasonably free from snow and ice rests upon a municipal corporation, it shall nevertheless be allowed a reasonable time for the performance of such duty.   *Taylor* v. *City of Yonkers,* 105 N. Y. 202, 11 N. E. Rep. 642; *Kinney* v. *City of Troy,* 108 N. Y. 567, 15 N. E. Rep. 728; *Kaveny* v. *City of Troy,* 108 N. Y. 571, 15 N. E. Rep. 726.   Where the facts are uncontradicted, the question as to what constitutes a reasonable time is a question of law, to be decided by the court.   *Wright* v. *Bank,* 110 N. Y 237, 18 N. E. Rep. 79; *Colt* v. *Owens,* 90 N. Y. 368; *Hedges* v. *Railroad Co.,* 49 N. Y. 223.   The facts here were so clearly uncontradicted that the trial judge stated them to the jury in his charge.   Such facts bring the case at bar clearly within the authorities above cited.   The period between the snow-fall and the accident was less than 48 hours; and we think, as matter of law, that a reasonable time had not elapsed, either to presumptively charge the defendant with negligence is not causing the walk to be cleared, or to charge it with constructive notice that the walk was slippery and dangerous. It follows that there was not sufficient evidence to support the verdict.   There was really no more to go to the jury in this case than in *Kinney* v. *City of Troy, supra;* and the complaint should have been dismissed.   The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.