(37 App. Div. 598.)

## STALEY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—DUTY TO REMOVE SNOW AND ICE.

A municipal corporation is not negligent in not removing snow and ice from a street crossing within four days after it had fallen and formed, which froze to the ground before it could be removed, and during the entire time remained frozen so fast that its removal was practically impossible.

Appeal from trial term, New York county.

Action by Josephine E. Staley against the mayor, aldermen, and commonalty of the city of New York. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Theodore Connoly, for appellant.

Edward Swann, for respondent.

RUMSEY, J. On Sunday afternoon, the 30th day of December, 1894, the plaintiff, while walking down Fifth avenue, on the west side, reached the crossing of Fifty-Sixth street. That crossing was covered with ice and snow, packed down and frozen in ridges along the crossing. The plaintiff observed the condition of the walk, and sought for a place where she might cross with safety. She stepped carefully off from the curb, but, just as she took the second step from the crossing, her foot slipped upon one of the ridges of ice, and she fell and broke her leg. To recover the damages received by that fall she brought this action. Upon the trial she had a verdict, and a motion for a new trial made by the defendant upon the judge's minutes was denied. After the entry of judgment, this appeal was taken from that judgment and order.

The injury was received between 4 and 5 o'clock in the afternoon. It appeared, from the evidence of the plaintiff's witnesses, that during the month of December, down to the 26th, the temperature had been above the freezing point nearly all the time. On the afternoon of the 26th a fall of snow began, which continued until late in the night, when it turned to sleet, and afterwards to rain, which ended about noon of the 27th, when a fall of snow began again, which continued until half past 1 of that day. The total fall of snow during the 26th and 27th was $8^2/_{10}$ inches. On the 27th, after the snow-fall ended, the thermometer began to fall, so that at some time on that day it descended to 16 deg. above zero, the mean temperature on that day being about 28 deg. The thermometer continued below freezing from the 27th down to the 31st, and there was no time during those days when the snow which fell on the 27th was not frozen to the sidewalks and streets. The plaintiff met with her accident on the crossing of the roadway of Fifty-Sixth street. There was no loose snow there, but the crossing was covered, as has been stated, with frozen snow and ice, so that it was slippery. No claim is made by the appellant that the plaintiff was guilty of any contributory negligence in attempting to go over the cross walk as she did, but a reversal is claimed solely upon the ground that the city was not guilty of negligence in permitting the crossing at Fifty-Sixth street, upon which the plaintiff fell, to be incumbered with snow and ice, while the temperature was so low that the coating adhered to the pavement, and could not conveniently be removed. We think this contention is well founded. It is not necessary to consider precisely what duty is imposed upon a municipal corporation by way of keeping the street crossings in a safe condition for pedestrians who have occa-

sion to use them. It is certainly no greater than the duty imposed upon them with reference to sidewalks. As to them, the municipality is bound only to use reasonable care to keep them in a safe condition. It often happens that a fall of rain is suddenly followed by severe cold, by reason of which the snow or ice is frozen to the sidewalk, so that it is practically impossible to remove it until a thaw has come. In such case, the rule is that the municipality is not negligent in awaiting the thaw. The emergency is one which is common to every street in the city, and which the corporation is powerless to remove, and the municipality may await, without negligence, a change of temperature, which will remove the danger. Taylor v. City of Yonkers, 105 N. Y. 209, 11 N. E. 642. The rule laid down in the case cited has since that time been invariably followed in the courts. The case at bar is controlled by the principle there established; and, applying that principle, we are quite clear that the city was not guilty of any negligence by reason of the facts made to appear by the plaintiff's witnesses.

It was erroneous, therefore, to refuse to dismiss the complaint because the defendant was not shown to have been guilty of negligence. For this error the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur.

