## SHIDLOVSKY v. GORMAN.

(Supreme Court, Appellate Division, Second Department.　May 29, 1900.)·

1. FRAUDULENT SALES—POSSESSION—EVIDENCE—DECLARATIONS.

In a suit to set aside a sale of goods as fraudulent, as against the seller's creditors, under 2 Rev. St. (9th Ed.) tit. 2, c. 7, § 5, declaring sales unaccompanied by immediate delivery, and followed by actual and continued change of possession, fraudulent as against creditors, declarations of unidentified persons assuming to be in charge of the goods while they were being packed, made in the absence of the purchasers, as to the possession and ownership of the goods by the seller, are inadmissible.

2. SAME—COMMERCIAL AGENCY STATEMENT—PREJUDICIAL ERROR.

In a suit to set aside a sale of goods as fraudulent as to the seller's creditors, it was prejudicial error to admit a statement alleged to have been made by a commercial agency, not proven to have come from the sellers, that 14 years prior to the sale one of the sellers had failed, and had been harshly criticised, and that such failure caused a lack of confidence in extending credit to the firm.

3. SAME—KNOWLEDGE OF INSOLVENCY—PARTICIPATION IN FRAUD.

Though 2 Rev. St. (9th Ed.) tit. 2, c. 7, § 5, declares that every sale of goods shall be presumed fraudulent and void, as against the creditors of the seller, unless accompanied by immediate delivery, and followed by actual and continued change of possession, and shall be conclusive evidence of fraud, unless shown by the persons claiming thereunder to have been made in good faith and without intent to defraud such creditors, a creditor acting in good faith may accept a stock of goods in part payment of a bona fide pre-existing indebtedness, even when such creditor knows that the debtor is insolvent, and that other creditors are thereby deprived of means of collecting their debts, since the only requirement is that the creditor shall not be party to an intended fraud on the part of the debtor.

Appeal from trial term, New York county.

Replevin by Morris Shidlovsky against Amelia Gorman, executrix of John J. Gorman, deceased.　From judgments in favor of the defendant, and from orders denying motions for new trial, plaintiff appeals.　Transferred from First to Second department.　Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Nathan Ottinger (John Frankenheimer and Edgar J. Kohler, on the brief), for appellant.

Emanuel Blumenstiel, for respondent.

WOODWARD, J.　There are two actions involved in this review. Both of them are in replevin, and they were tried together, the issues being practically the same.　Upon the trial the jury found in favor of the defendant, and judgments were entered accordingly.　This appeal is from the judgments, and from an order denying a motion for a new trial; the principal questions being upon the competency of the evidence upon which the jury was permitted to pass judgment in reaching its verdict.　Morris Shidlovsky, the plaintiff, is the surviving partner of the firm of Morris Shidlovsky & Bro., the defendant being Amelia Gorman, as executrix under the last will and testament of John J. Gorman, late sheriff of New York county.　Shidlovsky & Bro. were engaged in business in the city of New York as dealers in cloaks, etc.　Prior to the 18th day of October, 1893,

64 N.Y.S.—63

Cohen & Rosenfeld (the former being related to one of the members of the firm of Shidlovsky & Bro. by marriage) were engaged in the manufacture and sale of shirts, and the evidence shows that Shidlovsky & Bro. had, for a considerable length of time, stood in the relation of financial sponsors for Cohen & Rosenfeld. The contention of the plaintiff, supported by evidence, is that, on the morning of the day last above mentioned, Cohen & Rosenfeld made and executed a bill of sale to Shidlovsky & Bro. of all their right, title, and interest in the goods and fixtures contained in their store at No. 36 White street, in the city of New York, in part payment of a bona fide indebtedness aggregating something like $15,000, and that Shidlovsky & Bro. entered into immediate physical possession of the same, and continued in possession until the afternoon of the day, when the sheriff levied upon the goods under attachments obtained in two actions against Cohen & Rosenfeld brought by Abraham Steinam and William L. Strong & Co. Subsequently plaintiffs issued requisitions in these actions for the goods thus attached, to the coroner, who made return that the goods had been redelivered to the sheriff, upon the latter's undertaking, and they were thereafter sold at auction.

The issue raised by the pleadings was that of the plaintiff's title to the goods, the only suggestion of fraud being that "said goods and chattels so attached as aforesaid were at the time of said attaching the property of the said Jacob Cohen and Moses S. Rosenfeld, or that they had a leviable interest therein, or that said goods and chattels were liable to be levied upon and taken under and by virtue of said warrant of attachment." The trial proceeded, however, upon the theory that the defendant might show a condition of affairs to bring the case within the provisions of the Revised Statutes (2 Rev. St. [9th Ed.] c. 7, tit. 2, § 5), which provide:

"Every sale made by a vendor, of goods and chattels in his possession, or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, of the things sold, mortgaged or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear, on the part of the persons claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers."

The plaintiffs introduced evidence to show that the bill of sale was made for the purpose of paying a pre-existing bona fide indebtedness; that the plaintiffs entered into immediate possession of the goods and chattels, and began at once the work of packing and removing the same from the building; and the defendant's witnesses support this evidence by showing that on the morning of the 18th day of October they visited the premises, and found the employés at work packing the goods in boxes marked with the initials of Shidlovsky & Bro. It was this fact which induced the issuing of the attachments, and the first point of the plaintiffs is raised upon the admission of evidence in respect to what transpired at the time the representatives of the attaching creditors appeared at the store in White street,

Defendant's witnesses were allowed to testify, objections being overruled and exceptions taken, to conversations held with persons whom they found in the store, and who assumed to be in charge, but who were not identified. The only evidence in the case up to that time was that the bill of sale had been made, and that Shidlovsky & Bro. were in actual possession. Under the rule that a vendor's declarations cannot be received in evidence to affect the title of a purchaser from him (Cuyler v. McCartney, 40 N. Y. 221, 235; Bush v. Roberts, 111 N. Y. 278, 18 N. E. 732), it is difficult to conceive of any reason why the declarations of unknown persons, in the absence of Cohen & Rosenfeld and of the plaintiffs, should be admitted in evidence to affect the plaintiffs' title. "No man's property would be safe, and titles would be thrown into confusion," say the court in Lent v. Shear, 160 N. Y. 462, 470, 55 N. E. 4, "if the declarations of a grantor, out of possession, whether made under the sanction of an oath or not, could be received in evidence as against his grantee." The evil must be greatly increased if the unsworn declarations of unknown persons, not shown to be the representatives of the vendor, may be admitted in evidence to prejudice the vendee's title. The undisputed evidence, supported by that of the defendant's witnesses, was that Cohen & Rosenfeld were absent from the store, and the declaration of an unknown person that he was in charge for Cohen & Rosenfeld could not change the facts, nor was it competent, as against the plaintiffs in this action, for the witness to spread this conversation before the jury. If the sale and delivery had been made,—and the undisputed fact that the plaintiffs were engaged in the actual removal of the goods is evidence of this fact,—the declarations, even of a clerk, who may not have been advised of the state of affairs, could not be admitted to prejudice the rights of the plaintiffs. As was said in Sharp v. Lamy, 37 App. Div. 136, 140, 55 N. Y. Supp. 787: "This statement of the clerk was no part of his duty, and what he said was not competent on the question, who owned the property?" Not being competent to dispute the title of the plaintiffs, it could not be admitted for the purpose of showing a possible cause to believe that the transaction was fraudulent, and, as the effect of such testimony must have been to prejudice the jury, its admission was fatal error.

But should it be conceded that these declarations of unknown persons constituted a part of the res gestæ of the case, and were, therefore, admissible in evidence, the error in admitting Exhibits G. and H, purporting to be statements made by the R. G. Dun Commercial Agency, reflecting upon the character of one of the members of the firm of Cohen & Rosenfeld, would be sufficient to demand a reversal of the judgments. It was stated in these exhibits that "Cohen was at one time in business at 51 Canal street, where he failed in 1879, and was harshly criticised at the time. * * * We learn that they are trusted moderate amounts by some good houses, and considered a fair risk; but a failure of Cohen's in 1879 is not forgotten, and causes a lack of confidence with some." This refers to a time 14 years prior to the date of the transaction in controversy, and the respondent does not seriously contend that the matter had any bearing upon the question at issue, or that it was in any degree com-

petent; but it is urged that it found its way into the record inadvertently, and that it ought not to be allowed to defeat the judgment. The plaintiff objected to its introduction, and took an exception to the refusal of the court to exclude the matter, and, as it could not have failed to be prejudicial to the plaintiff, we are of opinion that he cannot be called upon to suffer the ills of this error because the defendant may have inadvertently put more in evidence than was intended. But the evidence is improperly in the case in those portions which do not reflect upon the character of one of the members of the firm of Cohen & Rosenfeld. It was first offered to be marked for identification, without any proof of its authenticity beyond what was afforded by the paper itself, and it was finally received in evidence, over the objection of the plaintiff, without being proved either to have been a report made by R. G. Dun, or showing that it was in any manner traceable to Cohen & Rosenfeld, whose condition it purported to state. So far as we are able to discover, Exhibits G and H are nothing more than unidentified papers, in which the alleged financial standing of Cohen & Rosenfeld is given, without in any manner showing that the statements are true, that they were authorized by the firm, or that they were false at the time they are alleged to have been made, and any other piece of paper containing any other kind of a statement would have just as good a right to appear in the record.

The conclusion which we have reached in respect to the above questions makes it unnecessary to continue the consideration of the other questions presented by the record and the elaborate briefs of counsel. There can be no doubt that the plaintiff, acting in good faith, had a right to accept the stock of goods owned by Cohen & Rosenfeld in part payment of a bona fide existing indebtedness, even though he knew that the firm was insolvent, and that by taking these goods he would be depriving the other creditors of the means of collecting their debts. All that the law requires of him is that he shall not have been a party to an intended fraud upon the part of Cohen & Rosenfeld (Galle v. Tode, 148 N. Y. 270, 279, 42 N. E. 673), and the legal evidence in the case does not establish such relation between the plaintiff and Cohen & Rosenfeld.

The judgment and order in each action should be reversed, and a new trial granted, costs to abide the event. All concur.