(54 App. Div. 258.)

HAWKINS v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   November 9, 1900.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—OBSTRUCTIONS—SNOW—NOTICE.
     Failure of a city to remove snow from a sidewalk within 48 hours after an intermittent storm has ceased is not sufficient to constitute constructive notice of the sidewalk's dangerous condition, since the city is entitled to wait a reasonable time for abutting owners to remove the snow.

2. SAME—APPEAL—EVIDENCE—EXCLUSION—HARMLESS ERROR.
     Where a party is injured by reason of an accumulation of snow on a sidewalk, the storm not having ceased a sufficient time previous to charge the city with constructive notice of the sidewalk's dangerous condition, the erroneous exclusion of evidence that a sidewalk in front of adjoining premises had been cleared at the time of the accident was harmless.

Appeal from trial term, New York county.

Action by Rosanna Hawkins against the mayor, aldermen, and commonalty of the city of New York. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

D. Levy, for appellant.
T. Farley, for respondent.

PATTERSON, J. The plaintiff sued to recover damages for personal injuries sustained under the following circumstances: On the 25th of December, 1896, she was walking on the sidewalk on Columbus avenue, between Seventieth and Seventy-First streets, in the city of New York. She slipped upon frozen snow which had accumulated on the sidewalk, and she alleged in her complaint that the accident was caused by reason of "the carelessness, negligence, and wrongful omission of the defendant, its agents and servants, and by reason of its and their carelessly and negligently permitting and suffering the said ice and street or sidewalk to become and be and remain in an unsafe, insecure, and dangerous condition, which condition existed, to the defendants' knowledge, for a considerable time immediately prior to the accident." It appeared in evidence that a snowstorm began on December 22, 1896, at about 5 o'clock in the afternoon, and that the fall of snow continued until December 23d, at half past 10 in the morning; that it again snowed on the 23d, from half past 2 in the afternoon until half past 7 in the evening. The accident to the plaintiff happened a few minutes before 11 o'clock on the morning of the 25th. During the whole interval between the cessation of the snowstorm on the 23d, and at the time at which the plaintiff fell on the sidewalk on the 25th, the thermometer was below the freezing point. On those material and undisputed facts the complaint was dismissed, and the question now is whether that was a correct disposition of the case.

There are very many reported cases in the books relating to the liability of municipalities to pedestrians for injuries sustained by slipping on sidewalks on which snow or ice has accumulated. To refer to them all would be a profitless task, for there are certain leading and authoritative cases which succinctly state the principle of liability, and certain others applying that principle, and from which it is quite clear that the dismissal of the complaint in this action was correct. The general rule of the duty of a municipality, and the ground of its liability for neglect to perform that duty, is stated in the opinion of the court, by Ruger, C. J., in Harrington v. City of Buffalo, 121 N. Y. 151, 24 N. E. 186, as follows:

"The duty resting upon municipal corporations to remove accumulations of ice and snow as it falls from time to time upon their streets is a qualified one, and becomes imperative only when dangerous formations or obstacles have been created, and notice of their existence has been received by the corporation. Hunt v. Mayor, etc., 109 N. Y. 134, 16 N. E. 320. Actual notice to the public authorities is not in all cases required, and it has been held that negligence may be inferred from the omission by the corporation to cause dangerous obstructions to be removed from the streets after sufficient time has elapsed to afford a presumption of knowledge of their existence, and an opportunity to effect their removal. If there has elapsed such length of time as that the defect has become known and notorious, and there has been full opportunity for the municipality, through its agents charged with that duty, to learn the existence of the defect, an omission to remove it within a reasonable time has been held to be sufficient to authorize a finding of negligence against the corporation. Requa v. City of Rochester, 45 N. Y. 136."

This rule of municipal responsibility as to streets and sidewalks is declared to be equally applicable to all municipal corporations. Pomfrey v. Village of Saratoga Springs, 104 N. Y. 465, 11 N. E. 43. There is nothing in this record to indicate that the city authorities had actual notice of the condition of the sidewalk at the point at which the plaintiff fell. If there be any liability, it must be founded upon a claim of constructive notice, which would result only from a reasonable time having elapsed, sufficient to give rise to a presumption of knowledge. The city may require the occupants of houses abutting on the sidewalk in front of which the snow has fallen to remove it within a reasonable time, and is not guilty of negligence if, observing that the work is being generally done, it waits for a reasonable period the action of the citizens. Taylor v. City of Yonkers, 105 N. Y. 206, 11 N. E. 642. In Kaveny v. City of Troy, 108 N. Y. 575, 15 N. E. 726, it was said that:

"Something more than the presence of ice, due to the results of a low winter temperature, must be shown, to make the city chargeable with negligence. The fact that for more than ten days preceding the accident to the plaintiff the mercury had been below the freezing point was established without contradiction, and that the city did not accomplish impossibilities or display unreasonable and extraordinary diligence furnishes no ground of liability."

Most of the so-called snow and ice cases reported in the books turn upon the fact that the slippery condition of the sidewalk was caused by changes of temperature resulting in alternate melting and freezing of fallen snow, or the formation of ice upon the sidewalk from the dripping or draining of water from buildings abutting upon the sidewalk. The case at bar presents the simple feature of a condition of the sidewalk covered with snow, which may have been trodden under foot in a populous part of the city, and which was not subjected to a change of temperature rising above the freezing point. Therefore the only question is whether, on the admitted facts, it can be said that in such a municipality as the city of New York, with its thousand miles of streets, it can be held that there is any indication of negligence on the part of the city in failing to remove from in front of any one particular house a formation of frozen snow on the sidewalk within less than 48 hours after a snowstorm had ceased. We do not think this is a case in which it can be said that there were two separate and distinct snowfalls, but, rather, it is to be regarded, from the facts, as an accumulation from an intermittent storm. On the conceded facts, when we consider the nature of the duty and liability of the city, and that it is entitled to wait a reasonable time for abutting owners to remove the snow from the sidewalks in front of their houses, we conclude that a lapse of less than 48 hours is not sufficient, as matter of law, to establish constructive notice to the city authorities of a dangerous condition of a sidewalk, resulting from a deposit of fallen and unremoved snow. It was held in O'Connor v. Mayor, etc. (Com. Pl.) 8 N. Y. Supp. 530, 9 N. Y. Supp. 492, that a period of less than 48 hours between a snowfall and an accident due to a slippery street was not sufficient to charge the city with negligence in not causing the street to be cleared. We prefer to say that

we are of opinion that it is not sufficient to constitute constructive notice of the dangerous condition of the street.

It was shown on the trial of this cause that the sidewalk in front of premises adjoining the place at which the plaintiff fell was cleared of snow at the time of the accident, but that testimony was stricken out, under the plaintiff's exception. We do not regard the ruling as one sufficient to reverse this judgment, in view of the specific ground upon which we have put this affirmance.

The judgment appealed from must be affirmed, with costs. All concur; VAN BRUNT, P. J., in result.