### ZUNZ v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.　March 14, 1907.)

MUNICIPAL CORPORATIONS—TORTS—DEFECTS IN STREETS—EVIDENCE.

Evidence in an action against a city to recover for personal injuries resulting from a fall on an icy sidewalk considered, and *held* to show that plaintiff slipped on ice that had formed about two days before the accident, and therefore that the city was not negligent.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Annie J. Zunz against the city of New York. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

William B. Ellison (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Pascal & Pascal (Joseph L. Pascal, of counsel), for respondent.

DAVIS, J. Plaintiff recovered judgment against the defendant for $500 damages for personal injuries received as the result of a fall upon the sidewalk. The accident occurred on February 11, 1906, while plaintiff was walking through 115th street between St. Nicholas and Lenox avenues. Plaintiff testified that she slipped on the ice, which was covered with snow, and fell on the sidewalk opposite No. 129 West 115th street. The snow was trampled down firmly. The sidewalk had but one row of flags, and plaintiff kept strictly to the flags. There was hard snow all along the way, but she saw no ice there. She testified, further, that the place where she fell seemed to slip from under her feet, as if there were a soft flurry of snow on top of ice.

The weight to be attached to the plaintiff's testimony as to the condition of the sidewalk is naturally lessened by her statement that the evening was dark and cold, and that she did not know anything then about there being snow on top of the ice. Plaintiff's physician lived

in the house adjoining the lot in front of which plaintiff fell. He testified that as far as he could remember he found that the snow that fell a few days before had not been cleaned off the walk. He passed over the place a dozen times a day. It was in front of a vacant lot. He further states that plaintiff did not point out to him the spot where she fell, and that he knew nothing about it at the time. It appears from the record in the Weather Bureau that it began to snow at 9:30 p. m. on February 8, 1906, and continued until 6 a. m. on the 9th, six inches of snow having fallen; that the snow was followed by rain, which lasted until 1 p. m. on the 9th. On the 10th and 11th the temperature was below freezing point. The defendant produced a witness who saw the plaintiff when she was taken into the physician's house. He says that he examined the sidewalk where the plaintiff fell; that it had been cleared off, and the snow thrown against the fence, but the snow around there, "far from it," began to thaw and run back on the stone. This witness further testified that the place where plaintiff fell was about fourteen inches wide, a half inch thick, and about four or five feet along on the flag. Except for this spot the sidewalk was clear, but not swept off. This witness also testified that this patch of ice had accumulated since the storm of the 8th of February. In effect he says that it had formed by the snow of the 8th thawing, running back on the sidewalk, and then freezing. He put ashes on the spot the very day plaintiff fell.

This witness is corroborated in the main by the police officer. These witnesses are not contradicted. If their version is correct, the sidewalk was not in such a condition as to justify any inference of negligent maintenance of the walk on the part of the city. In brief, the evidence shows that the plaintiff slipped on a small patch of ice which had formed after the rain of the 9th of February. The accident took place on the evening of the 11th, a little more than two days after the rain had ceased. Under the circumstances we think it would be wrong to hold the city liable for the presence on the sidewalk of the ice upon which plaintiff slipped. Staley v. Mayor, 37 App. Div. 598, 56 N. Y. Supp. 237; Hawkins v. Mayor, 54 App. Div. 253, 66 N. Y. Supp. 623; Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.