## CUPP v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED—FACTS NOT DIS-
PUTED.

In an action for injuries received by falling on a sidewalk because of snow and ice thereon, where an offer of defendant to show that it was not obliged to remove the snow from more than five feet of the walk was objected to on the ground that plaintiff did not dispute that fact, it will be assumed that there was no negligence of the city in not keeping the sidewalk free of snow for a greater width than the five feet.

2. MUNICIPAL CORPORATIONS—TORTS—OBSTRUCTIONS IN STREETS—SNOW AND
ICE—LIABILITY OF CITY.

In an action for injuries received by falling on a sidewalk because of snow and ice thereon, where there had been snow and ice on the sidewalk for two weeks, and the temperature was uniformly below the freezing point, except for portions of three days, when it snowed and rained, and the sidewalks of the city were partly covered with ice during that time, and these conditions were general throughout the city, no duty existed on the part of the city in reference to the particular sidewalk where plaintiff fell which did not exist as to all the sidewalks of the city, and the weather conditions were such that the city was not obliged to remove the snow and ice from the sidewalks so as to keep them free, and hence was not liable for injuries resulting therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1627.]

3. SAME—ACTIONS—ADMISSIBILITY OF EVIDENCE.

In an action for injuries from falling on a sidewalk by reason of snow and ice thereon, where it was uncertain from the proof whether plaintiff fell on ice formed by water dripping from the platform or from snow left on the sidewalk, since in the former event the city would not be liable, it was error to refuse to charge that, if the jury were unable to determine whether plaintiff fell on ice formed from drippings from the platform or on ice formed from snow on the sidewalk, then they must find for defendant.

Appeal from Trial Term, Chemung County.

Action by Mame J. Cupp against the city of Elmira. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John F. Murtaugh, Corp. Counsel, for appellant.
H. H. Rockwell, for respondent.

COCHRANE, J. Liability of the defendant is asserted herein because of an icy sidewalk on which the plaintiff fell and was injured. The accident occurred in the afternoon of February 15, 1905, on a sidewalk in front of a vacant building on one of defendant's streets. Between the building and the sidewalk was a platform about eight inches high on the property of the owner of the building, and used in connection therewith. The walk in front of the building was about 12 feet wide. The snow was shoveled toward the outer side of the walk, leaving a space of four or five feet for passage between the platform and the shoveled snow. This intervening space seems to have

been kept reasonably free from snow. At the trial defendant offered to show that the obligation did not rest upon it to shovel more than five feet of this walk. An objection to this offer was sustained on the statement of plaintiff's counsel that he did not raise any point in reference thereto. We must assume, therefore, that there was no negligence on the part of the city because the walk was not kept free of snow for a greater width than four or five feet from the platform.

The evidence is conflicting as to the nature and condition of the ice in front of this building, but the inference is permissible that the intervening space of four or five feet for the entire width of the build-ing was covered with ice at the time of the accident. There had been snow and ice on this particular sidewalk for two weeks. From official records made at an observation station for the governmental weather bureau, and offered in evidence by the plaintiff, it appeared that for the entire month of February prior to the accident the temperature was uniformly below the freezing point, except for portions of February 6th, February 9th, and February 12th; that it snowed on the former of said days, and that on the latter day there was a slight snow changing to rain at 9 o'clock in the evening, and that at 7 o'clock of the following morning the temperature was 22 degrees and remained below the freezing point continuously until after the accident. It also appeared that during all of the month there had been icy places on the side-walks of the city. The condition disclosed from the 1st to the 15th of the month, when the accident happened, seems to have been general throughout the city, and does not differ in any respect from that which frequently exists in cities and villages in this climate. It is undisputed that during all this time the sidewalks were partly covered with ice. In fact, plaintiff herself testified that it was icy in a great many places, and that on some of the walks she could pick out places where she did not have to walk on ice. It also appears that for several days prior to the accident pedestrians, because of the slippery sidewalks, were walking in the middle of the streets. It does not appear what the weather conditions were prior to February 1st; and hence in determining the question of defendant's negligence we are limited to the facts as they existed between that date and the time of the accident.

Cases like this have frequently been before the courts. It has often been held that a municipality is not negligent because it does not pro-ceed at once to clear its sidewalks of snow and ice, but it may rely for a reasonable time on the assumption that the abutting property owners will perform that duty, and it has also been held that it may wait for the temperature to moderate. Foley v. City of New York, 95 App. Div. 374, 88 N. Y. Supp. 690; Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am St. Rep. 492; Staley v. Mayor, etc., of New York, 37 App. Div. 598, 56 N. Y. Supp. 237; Moran v. City of New York, 98 App. Div. 301, 90 N. Y. Supp. 596; O'Keeffe v. Mayor, etc., of New York, 29 App. Div. 524, 51 N. Y. Supp. 710; Gram v. Village of Greenbush, 50 Hun, 605, 3 N. Y. Supp. 76; Buck v. Village of Glens Falls, 4 App. Div. 323, 38 N. Y. Supp. 582. In Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726, it appeared that the sidewalks generally throughout the city had been for a month

prior to the accident slippery and dangerous from snow and ice. The court said:

"The walk had been regularly cleaned of snow, which was removed or swept off within a reasonable period after it had fallen; but the successive thawing and freezing, varied occasionally by rain, had kept the surface of the sidewalk very generally coated with ice from the action of natural causes and the rigor of the climate. Upon this sidewalk the plaintiff slipped and fell, and was seriously injured. These facts, however, do not establish a liability on the part of the city. They disclose no violation of the rule that the duty of the corporation is to keep the sidewalks reasonably clear of ice and snow. Something more than the presence of ice due to the results of a low winter temperature must be shown to make the city chargeable with negligence. The fact that for more than 10 days preceding the accident to plaintiff the mercury had been below the freezing point was established without contradiction, and that the city did not accomplish impossibilities or display unreasonable and extraordinary diligence furnishes no ground of liability."

In Staley v. Mayor, etc., of New York, supra, it was said:

"It often happens that a fall of rain is suddenly followed by severe cold, by reason of which the snow or ice is frozen to the sidewalk, so that it is practically impossible to remove it until a thaw has come. In such case the rule is that the municipality is not negligent in awaiting the thaw. The emergency is one which is common to every street in the city, and which the corporation is powerless to remove; and the municipality may await, without negligence, a change of temperature which will remove the danger."

In Anthony v. Village of Glens Falls, 4 App. Div. 218, 38 N. Y. Supp. 536, plaintiff fell on ice which had remained for several weeks on a sidewalk. The court said:

"We think the principle may be deemed established by the authorities that a municipal corporation is not liable for an injury resulting from a smooth coating of ice on its sidewalks during the winter season where there is no ridge, unevenness, or unusual condition of the walk, and where, as in this case, no fact is shown indicating negligence on the part of the municipal authorities, except a mere slippery walk caused by a low temperature, in consequence of which all the streets within the municipality have become coated with ice. In this climate it is not within the power of a municipal corporation to prevent such a condition of its streets."

The danger presented in this case is one which is familiar to all residing in this climate. The case presents no unusual features. The evidence is insufficient to satisfactorily establish that there was any ridge, unusual unevenness, or peculiar formation not due to the action of the elements or which distinguished the condition of this particular sidewalk from the general condition of the sidewalks throughout the city. The case in that respect differs materially from Kopper v. City of Yonkers, 110 App. Div. 747, 97 N. Y. Supp. 425, and Powers v. Village of Moravia, 123 App. Div. 191, 108 N. Y. Supp. 159. No duty existed on the part of the city in reference to this sidewalk where plaintiff fell which did not exist in reference to all the sidewalks of the city, and we are of the opinion that the weather conditions were such as not to impose on the city the duty of removing the snow and ice from all its sidewalks. On two of the three days for the two weeks preceding the accident during portions of which days the temperature was above the freezing point it was storming, and the circumstances were not such as to render it practicable for the city to remove the snow and ice which had accumulated on its various sidewalks. It

further appears that snow had melted on the said platform, and that the water thus formed had dripped onto the sidewalk and frozen. It does not appear, however, how long the ice thus formed had existed, and the evidence is conflicting as to whether the water from the platform flowed across the shoveled part of the sidewalk and encountered the snow piled on the outer side thereof, or whether it congealed adjoining the platform. In Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726, it was held that the city was not liable for water dripping from the eaves of a piazza overhanging the sidewalk and congealing thereon. If a municipality is not liable in such a case, we cannot see why the same principle should not apply here and relieve the municipality from responsibility for the ice formed from the water dripping from the platform. Furthermore, there is no positive proof that plaintiff fell on the ice thus formed, and, in view of this uncertainty, it was error for the court to decline to charge as requested that, if the jury were unable to find "whether the plaintiff fell on ice formed from the drippings from the platform or on ice which formed from snow left on the walk, then it must find a verdict in favor of the defendant."

The judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.