## Swan, Appellant, *v.* Indiana Borough.

*Negligence—Boroughs—Streets—Ice—Notice—Nonsuit.*

In an action of trespass to recover damages for personal injuries sustained by plaintiff in consequence of a fall on ice which had formed on the sidewalk of a borough street, it appeared that the ice had been formed by the freezing of slush the night before the accident, only a few hours before plaintiff fell. There was no evidence that the borough authorities had actual notice of the condition of the sidewalk. The lower court entered a judgment of nonsuit. *Held,* no error.

Argued October 13, 1913. Appeal, No. 227, October T., 1913, by plaintiff, from order of C. D. Indiana Co., March T., 1912, No. 32, refusing to take off nonsuit in case of George W. Swan v. Borough of Indiana. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TELFORD, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Harry White,* with him *John L. Getty,* for appellant.

*David Blair Taylor,* with him *John S. Taylor,* Borough Solicitor, and *Cunningham & Fisher,* for appellee.

PER CURIAM, January 5, 1914:

This appeal is from an order discharging a rule to take off a nonsuit entered on the trial of an action to recover for injuries caused by falling on ice that had formed a few hours before on the sidewalk of a borough street. The plaintiff lived at the end of a street on which there was little travel, and was accustomed to use the sidewalk several times each day in going to and from his place of business. The walk was eight feet wide and on the side nearest the curb there was a cement walk four feet in width and in good condition. Snow had not been cleaned from the walk and there was along it a slight ridge of packed snow about a foot wide, but there was ample space on which to pass on the sides of the cement walk and on the four feet of earth level with it and nearer the house line, on which there was only a slight fall of snow not worn in ridges. On the day before the accident the snow had been turned to slush, and on the night before it had frozen. When the plaintiff, on the morning of the accident, reached a part of the walk a few feet from his house, he saw its condition and considered it safe and walked over the rough part of it.

These facts did not disclose negligence by the borough. The danger, if any, had existed but a few hours and there was no evidence that the borough authorities had actual notice of it, and it had not existed for such a length of time that constructive notice could be imputed to them.

The judgment is affirmed.