CATHLEEN M. McCAFFREY and EUGENE S. McCAFFREY, Respondents, v. THE CITY OF NEW YORK, Appellant.— The plaintiff wife slipped and fell on a snow- and ice-covered sidewalk in the borough of Queens and broke an ankle. She sued the city of New York to recover damages for the injury, and her husband joined in the action, suing to recover for medical expenses and loss of services. Defendant appeals from the judgment rendered in their favor. Judgment affirmed, with costs. Under the proof offered by the plaintiffs there was a question of fact for the jury. There is evidence to establish that ice and packed snow, several inches thick, covered the walk; that it was rough, bumpy, uneven, and contained frozen imprints of the tracks made by pedestrians walking over it while the snow was in a slushy state. There was proof that on Monday evening, January 20, more than thirty-six hours before the accident, sidewalks in the locality were cleaned. Furthermore, the action was not defended at the trial upon the theory now advanced, *i. e.*, that the defendant may not be held responsible because of the severity and length of the preceding storm, but upon the theory that the sidewalk had been cleaned and was in the same condition as other walks in the locality. Lazansky, P. J., Carswell and Close, J., concur; Adel, J., with whom Davis, J., concurs, dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: The plaintiff wife slipped and fell on a sidewalk. The snow storm which is alleged to have caused the condition on the walk ended fifty-six hours before the accident. It was winter's heaviest snow storm, during which over eight and one-half inches of snow and sleet fell. The storm lasted for twenty-five consecutive hours. The thermometer was at all times below freezing from a time after the commencement of the storm until after the accident. In my opinion the proof in the case fails to meet the burden resting on plaintiffs of showing that there was an accumulation of ice and snow on the walk, constituting an obstruction dangerous to public travel, of which the city had actual notice, or which had existed for such a length of time that the city had constructive notice thereof in time, under the conditions established here, in the exercise of reasonable diligence, to remedy the condition.

FRANCES MIEDZWINSKY, Appellant, v. SAMUEL MIEDZWINSKY, Respondent.— In an action to annul a marriage on the ground of fraudulent misrepresentations, amended judgment in favor of defendant reversed on the law and a new trial granted. In an action of this kind it is essential that there be findings of fact and conclusions of law, so that on appeal it may appear that there was a ruling as to plaintiff's credibility. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ETTA S. MILLER, Respondent, v. HENRY F. MILLER, Appellant.— On appeal from part of an order striking a defense from an answer as insufficient in law, and denying a motion to compel plaintiff to reply to such defense, order affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.