NELLIE CASAL, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, November 25, 1947.

*Jesse Cohen* for plaintiff.

*Charles E. Murphy, Corporation Counsel (B. J. Collins, Jr.,* of counsel), for defendant.

DICKSTEIN, J. Motion to set aside verdict of jury. This case was tried before me on October 27 and 28, 1947, and resulted in a verdict for the plaintiff in the sum of $9,375. The accident in the case at bar occurred on December 29, 1944, at about 5:30 in the evening in front of a vacant lot on Thompson Street, in the borough of Manhattan. The testimony showed that the plaintiff fell on a piece of rough ice on the sidewalk in front of the lot in question. She testified that for four or five days before the accident she noticed ice on the sidewalk at the scene of the accident and that the ice was the same four and five days before the accident as at the time the accident happened; that the ice was rough and dirty. The injuries were substantial and the defendant did not call any witnesses nor does it specifically dispute the verdict as to amount. The point raised by the defendant is that the accident occurred *less* than forty-eight hours before the cessation of the snowfall, the evidence of the weather reports showing that the period of time elapsing between the cessation of the snowfall and the accident was forty-five and three-quarter hours. The defendant relies primarily on the case of *Hawkins* v. *The Mayor* (54 App. Div. 258) in which the court held that a municipal corporation was entitled to wait a reasonable time for abutting owners to remove snow from the sidewalks in front of their houses, and the lapse of less than forty-eight hours after an intermittent snowstorm has ended is not sufficient *as a matter of law* to establish *constructive* notice to the municipal authorities of the dangerous condition of a sidewalk resulting from a failure of the abutting owner of property to remove fallen snow.

Examination of the cases does not sustain the defendant's position that a lapse of forty-eight hours following the cessation of snowfall is a *sine qua non* to charge the defendant with negligence.

In the case cited the court limited its decision to the " conceded facts " of that case and based its decision on the theory that the city was entitled to wait a *reasonable* time for abutting owners to remove the snow from the sidewalk in front of their houses. Here the " abutting owner " of the vacant lot was the Board of Transportation of the City of New York and the evidence showed that there was a policeman assigned at or near the premises who saw the condition complained of for " a

couple of days — two days ", before the accident. To hold that the lapse of forty-six hours from the cessation of the snowfall is not sufficient to charge the defendant with notice in the case at bar, as a matter of law, would be clearly unwarranted from the facts of this case; furthermore, the rule established in the *Hawkins* case is simply a rule of reasonable notice and forty-six hours in 1944 would easily be equivalent to forty-eight hours in 1900, the date of the *Hawkins* decision, with the greater facilities now available to clean streets and remove accumulations of ice and snow. In addition, in the case at bar, there was not only constructive notice but actual notice and the " abutting owner " was an agency of the City of New York.

Motion to set aside verdict is denied.