MOZELLE BROWDER v. CITY OF WINSTON-SALEM AND ALEXANDER APARTMENT COMPANY.

(Filed 3 February, 1950.)

1. **Negligence § 4a—Evidence held insufficient to show negligence on part of building owner in regard to snow and ice on sidewalk.**

Evidence that "packed down" snow and ice was somewhat thicker on the north side of defendant's building than at exposed places along the street, and that at times water seeped from the gutters and eaves of defendant's building and dripped on the sidewalk, without evidence that on the occasion in question water coming from the building appreciably increased the thickness of the ice or that, even if it did, the added thickness enhanced the obvious hazard to pedestrians, *is held* insufficient to be submitted to the jury on the theory of defendant owner's negligence in permitting a dangerous condition to develop in front of the building causing the fall of plaintiff on the sidewalk.

2. **Evidence § 5—**

It is a matter of common knowledge that snow and sleet on the north side of a building where it is sheltered from the sun will remain after snow and sleet in places which are exposed have melted.

3. **Municipal Corporations § 14a: Evidence § 29½—**

In an action against a municipality to recover for a pedestrian's fall on the snow and ice on a sidewalk, an allegation in the city's original answer, stricken by order of court, set up an ordinance requiring property owners to keep the sidewalks in front of their property free from ice and snow. *Held:* The exclusion of the allegation, offered as evidence by plaintiff, was not prejudicial, since such allegation does not tend to show negligence on the part of the city, and therefore is not pertinent and material.

4. **Municipal Corporations § 14a—**

In an action against a city by a pedestrian to recover for a fall on sleet and snow on a sidewalk, the exclusion of a municipal ordinance requiring property owners to keep the sidewalks in front of their premises free of ice and snow is not prejudicial, since neither the enactment nor existence of the ordinance tends to prove negligence on the part of the city in failing to remove the ice and snow from the sidewalk.

5. **Same—**

Mere slipperiness of a sidewalk occasioned by smooth and level ice and snow, formed by nature, with evidence that the accident in suit occurred the second morning after a general precipitation, but without evidence that the condition at the place in question was so exceptional in nature as to demand prior or preferential attention, *is held* insufficient to be submitted to the jury on the question of the negligence of the city in failing to remove the ice and snow from the sidewalk.

APPEAL by plaintiff from *McSwain, Special Judge,* March Term, 1949, FORSYTH.

Civil action to recover compensation for physical injuries alleged to have been caused by the negligence of the defendants.

Plaintiff lives in an apartment house owned by defendant corporation, located on the south side of West Fourth Street near the business center of Winston-Salem. The apartment house has a marquee over the front door about six feet wide and twelve feet long, protruding over the sidewalk. The eaves of the building extend over the sidewalk for about three feet. The marquee and eaves and gutters are in such a state of disrepair that water at times seeps or drips therefrom, falling on the sidewalk. During cold weather, ice has been seen on the sidewalk where the water fell.

On 25 December 1947 there was a precipitation of sleet and snow in the Winston-Salem area, forming a coverage on the sidewalks to the depth of about 2.6 inches. On the 26th, the temperature rose and remained above forty degrees for some hours. As a result, the ice and snow on the sidewalks, where exposed to the sun, melted and became slushy or "slashy." However, it did not melt to any appreciable extent in front of the apartment house and other places where it was shaded from the sun. The temperature again fell below freezing before daylight on the 27th, so that on that morning the covering of sleet and snow in front of the apartment building was "frozen hard." It was "watery" ice, "slippery." It was fairly smooth and of uniform depth.

About 10:30 a.m. on the 27th, plaintiff left the apartment house to visit her sister who lived in the Winston Apartments on the same side of the street about thirty feet distant. She then saw and observed the existing condition of the sidewalk. About 11:45 she started back to her room. After she had gone about two feet past the corner of the apartment building she slipped and fell. She suffered a fracture of her right femur and other injuries.

At the time of the accident the layer of snow and sleet was relatively smooth all the way across the sidewalk and was free of ridges, holes, dished out places or breaks of any kind. It was a bright, sunshiny day, and the condition of the sidewalk was "open and obvious" to her.

When the plaintiff concluded her evidence in chief the court, on motion of defendants, entered judgment of nonsuit and plaintiff excepted and appealed.

*Eugene H. Phillips for plaintiff appellant.*

*Womble, Carlyle, Martin & Sandridge for defendant appellee City of Winston-Salem.*

*Deal & Hutchins for defendant Alexander Apartment Company, appellee.*

BARNHILL, J.   The plaintiff bottoms her case against the defendant corporation on the allegation that it negligently permitted "much of the rain, melted snow, and other waters that fell, formed on, or were collected on the roofs, bay windows, gutters, and other portions of the premises there maintained . . . to fall and drain onto the public sidewalk and that the waters so draining and falling onto the public way frequently formed into ice, thereby unlawfully obstructing the use of the said sidewalk and rendering the same unsafe for pedestrian travel" and that it negligently permitted such condition to develop on the days immediately preceding her injuries.

There is testimony that at times water seeped from the gutters and eaves of the building and dripped on the sidewalk.   The record, however, is devoid of any evidence that such seepage occurred on the days preceding the accident complained of.   There is no testimony that any water coming from the building appreciably increased the thickness or slipperiness of the condition formed by nature or in any wise enhanced the hazard thereof.

Plaintiff testified that she slipped and fell.   While she did not undertake to explain the cause, we may assume that it was due to the slipperiness of the icy layer of snow.   Even so, slipping and falling alone is not sufficient to establish negligence.   There must be some evidence that the defendant in fact was a party to the creation of the condition which caused her fall.

It is true there is evidence that on the morning of the 27th the "packed down" snow in front of the building was somewhat thicker than on the north side of the street and other exposed places.   That is understandable, for it is a matter of common knowledge that snow and sleet on the north side of a building, or in low places, or in forests where it is sheltered from the sun will remain for days after the temperature has risen well above freezing.   Frequently, it does not disappear until after a rain comes.   *S. v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898; *S. v. Vick,* 213 N.C. 235, 195 S.E. 779.   Certainly the mere circumstance of the relative thickness of the layer of packed snow in front of the building, under the circumstances here disclosed, will not justify the inference that water dripping from the building produced the condition.   Even if it did, we may not say, on this record, that the added thickness enhanced the obvious hazard to pedestrians.   For cases bearing on the liability of an abutting owner for injury resulting from the presence of ice and snow on the sidewalk see Anno. 34 A.L.R. 409.

In its original answer the defendant city pleaded its ordinance requiring property owners to keep the sidewalk in front of their premises free of ice and snow and alleged that if it were negligent then its liability is

only secondary. This section was stricken by order of the court and an amended answer was filed.

The plaintiff sought to introduce this section in the original answer, and also the ordinance, as against the city, but not as against the defendant corporation. Both, on objection, were excluded and plaintiff excepted.

Unquestionably the affirmative statement in the original answer, if pertinent and material, was admissible in evidence. *Adams v. Utley,* 87 N.C. 356; *Winborne v. McMahan,* 206 N.C. 30, 173 S.E. 278; Stansbury, N. C. Evidence, 380. But the allegation offered in no wise tends to establish negligence on the part of the city. It expressly denied negligence and merely sought the protection of the doctrine of primary and secondary liability in the event of an adverse verdict. The exception to the exclusion of the tendered paragraph of the original answer is without merit.

Nor was there error in the exclusion of the ordinance. Neither its enactment nor its existence tends to prove negligence on the part of the city in failing to remove the sleet and snow from the sidewalk. Indeed, it tends only to show that the city had provided a way for the prompt removal thereof. The exclusion of the ordinance, if prejudicial, was harmful to the city rather than to the plaintiff. *Calder v. Walla Walla,* 33 P. 1054 (Wash.).

The testimony tends to show that the defendant city had not removed all of the "sleety" snow from the sidewalks on the second morning after a general precipitation. There is no evidence that the condition in front of the apartment house was so exceptional in nature as to demand prior or preferential attention. This, in our opinion, is insufficient to warrant an inference of negligence such as would require the submission of issues to a jury. *Hawkins v. City of N. Y.,* 66 N.Y.S. 623; *Harrington v. Buffalo,* 24 N.E. 186 (N.Y.); *Swan v. Indiana,* 89 A. 664 (Pa.); *Zunz v. N. Y.,* 103 N.Y.S. 222; *Byington v. Merrill,* 88 N.W. 26 (Wisc.); *Bailey v. Oil City,* 157 A. 486 (Pa.); *Holbert v. City of Philadelphia,* 70 A. 746.

The mere slipperiness of a sidewalk occasioned by smooth or level ice or snow, formed by nature, is not sufficient to charge the municipality with liability for an injury resulting therefrom where the walk itself is properly constructed and there is no such accumulation of ice and snow as to constitute an obstruction. *Cresler v. Asheville,* 134 N.C. 311; Anno. 13 A.L.R. 18; 80 A.L.R. 1154.

As a general rule a municipality is not liable for injuries caused by the formation of ice and snow from natural causes where the sidewalk itself is properly constructed, Anno. 80 A.L.R. 1154, if there are no dangerous slopes or ridges and the ice or snow has not been permitted to

remain on the sidewalk so long that it has become so rough and uneven that it is difficult or dangerous for persons to pass over it. Anno. 80 A.L.R. 1156.

Other authorities which discuss the liability of a municipality, under varying circumstances, for conditions caused by ice or snow may be found in Anno. 13 A.L.R. 18 and 80 A.L.R. 1151.

Since we are of the opinion the plaintiff has failed to make out a case of negligence as against either defendant, we need not discuss or decide the contention that in any event the plaintiff was contributorily negligent.

The judgment below is

Affirmed.