Margery McKendry et al., Appellants, v. City of New York et al., Respondents.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered April 20, 1967, as is in favor of defendant City of New York against plaintiffs, upon the trial court's (1) granting of said defendant's motion to set aside a jury verdict in favor of plaintiffs against said defendant after trial of the issues of liability only and (2) dismissal of the complaint as against said defendant. Judgment reversed insofar as appealed from, with costs against said defendant; motion to set aside the verdict denied; verdict reinstated; and action severed as against said defendant. The action is based upon a fall by the injured plaintiff on an icy sidewalk 47¼ hours after cessation of a 4.5-inch snowfall. The trial court set aside the jury's verdict in favor of plaintiffs on the ground that, since the accident happened less than 48 hours after the time the snow had last fallen, as a matter of law the defendant city did not have sufficient time to remove the snow. The so-called 48-hour rule thus invoked by the trial court (see *Crawford* v. *City of New York*, 68 App. Div. 107, affd. 174 N. Y. 518) is no longer a *sine qua non* for charging the city with negligence in such cases (see *Janota* v. *City of New York*, 297 N. Y. 942; *Yonki* v. *City of New York*, 276 App. Div. 407, 410; *Casal* v. *City of New York*, 190 Misc. 605, affd. 274 App. Div. 1034). In our opinion, viewing the evidence most favorably to plaintiffs in the light of the verdict in their

favor (*Commisso* v. *Meeker*, 8 N Y 2d 109, 117), a jury question was presented as to whether, under all the conditions shown by the proof, the city had had a reasonable opportunity to make the sidewalk reasonably free from ice and snow prior to the accident (cf. *Janota* v. *City of New York, supra*; *McCaffrey* v. *City of New York*, 255 App. Div. 872, affd. 280 N. Y. 630; *Hofmann* v. *City of New York*, 272 App. Div. 754, affd. 297 N. Y. 735; *Casal* v. *City of New York, supra*). Christ, Acting P. J., Rabin, Martuscello and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: Under the circumstances of this case, with many thousands of miles of sidewalks in the City of New York, it was unreasonable to hold the defendant city liable for failure to clean this sidewalk for 47 hours after a snowfall in an obscure residential area.